UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HAJI BAGCHO,<br><br>Defendant. | Crim. Action No. 06-00334 (ESH) |

**MEMORANDUM OPINION & ORDER**

Upon consideration of the government's Motion in Limine to Preclude Reference to Duress or Coercion, Jan. 18, 2012 [Dkt. No. 65], and defendant's opposition, Feb. 13, 2012 [Dkt. No. 67], the Court will **GRANT** the government's Motion. Defendant has not proffered a prima facie showing of duress, nor has he stated an intention to raise such a defense at trial. *See United States v. Nwoye*, 663 F.3d 460, 462–63 (D.C. Cir. 2011); *United States v. Ibarra-Pino*, 657 F.3d 1000, 1004 (9th Cir. 2011) ("A defendant is not entitled to present a duress defense at trial or receive a jury instruction on duress unless the defendant makes a prima facie showing of duress in a pretrial offer of proof . . . or in evidence presented at trial." (citations omitted)). Rather, in opposing the government's motion, defendant states that he wishes to argue only that, "concerning alleged payments to the Taliban," he either "paid or risked death or other serious harm." (Def.'s Opp'n at 2.) "If it can be shown on cross examination that the Taliban exacted tribute through fear, intimidation and/or murder, the defense should be allowed to present it to the jury." (*Id.*)

1

The Court disagrees. A defendant may not argue duress without making a prima facie showing. *Nwoye*, 663 F.3d at 462; *cf. United States v. Clarke*, 767 F. Supp. 2d 12, 104 (D.D.C. 2011) ("[Defendant], in essence, argues that he should have been acquitted because the evidence shows he acted out of fear of serious bodily harm or death and, hence, his actions were not voluntary. But that is the very definition of a duress defense, and there are clear limitations to a duress defense under the law, which is presumably why [defendant] did not want the jury to be instructed on it."). Moreover, to the extent defendant implies that evidence of fear and intimidation negates the government's showing of his *mens rea*, he is incorrect. "[T]he defense of duress does not negate a defendant's criminal state of mind when the applicable offense requires a defendant to have acted knowingly or willfully; instead, it allows the defendant to 'avoid liability . . . because coercive conditions or necessity negates a conclusion of guilt even though the necessary *mens rea* was present.'" *Dixon v. United States*, 548 U.S. 1, 7 (2006) (alteration in the original) (quoting *United States v. Bailey*, 444 U.S. 394, 402 (1980)).[1]

It is hereby **ORDERED** that the government's motion is granted and defendant is precluded from raising the issue of duress or making any reference to coercive tactics used by the Taliban to extract payments. *See United States v. Weekly*, No. 92-3053, 1992 WL 336990, at *2 n.1 (D.C. Cir. Nov. 13, 1992) (per curiam) ("[Defendant] also claims that the district court erred in limiting the defense counsel's closing argument [regarding duress]. This argument was an attempt to end-run the district court's refusal to allow [defendant] to present her duress defense. Given our [conclusion that the district court did not err in refusing that defense], we find no merit in this claim.").

**SO ORDERED.**

---

[1] Here, the applicable offense requires defendant to have acted knowingly or willfully. 21 U.S.C. § 960a ("knowing or intending").

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: February 16, 2012